IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | **CIVIL NO. 1:11-CV-2110** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **WARDEN B.A. BLEDSOE,** *et al.*, | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Before the court is Plaintiff Kareem Hassan Milhouse's motion for reconsideration of the court's memorandum and order of December 20, 2011 (Doc. 9), dismissing without prejudice Plaintiff's complaint pursuant to the provisions of 28 U.S.C. § 1915(g), (Doc. 8). For the reasons that follow, the instant motion (Doc. 9) will be denied.

### **I.** **Background**

Plaintiff, an inmate incarcerated at the United States Penitentiary at Allenwood in White Deer, Pennsylvania, initiated this action with a civil rights complaint pursuant to 28 U.S.C. § 1331 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2680 on November 10, 2011. (Doc. 1.) In the complaint, Plaintiff claims that Defendants have been deliberately indifferent to his serious medical needs and negligent by not assigning him to a lower bunk despite his "serious back condition"

requiring such an assignment.  Plaintiff filed a motion for leave to proceed *in forma pauperis*.  (Doc. 5.)  Subsequently, the court screened the complaint pursuant to the provisions of 28 U.S.C. § 1915(g), or the "three strikes rule."  Under the "three strikes rule," an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim, may not proceed in a civil action *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g).  The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed *in forma pauperis*, thus requiring inmates to pay the full filing fee prior to commencing suit.  After reviewing the complaint, the court determined that not only had Plaintiff already filed no less than four (4) civil actions or appeals that were dismissed as frivolous or for failure to state a claim, but also Plaintiff's allegations relating to a "serious back condition" did not satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. § 1915(g).  (*See* Doc. 8.)

Consequently, Plaintiff has filed the instant motion for reconsideration.  (Doc. 9.)  In his motion, Plaintiff argues that the case should be reopened because (1) he was not granted *in forma pauperis* status in the previous cases cited by the court in its

December 20, 2011 order, and (2) he is, in fact, in imminent danger due to his back condition. After careful review, the court will deny the motion.

**II.    Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*,

915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration.  Initially, the court finds no intervening change in controlling law and no error of law or fact.  The dockets in those cases cited by the court in its December 20, 2011 order indicate that the cases or appeals were dismissed as either frivolous or for failure to state a claim.  *See Milhouse v. Levi*, No. 07-4048 (3d Cir. Mar. 26, 2008); *Milhouse v. Arbasak, et al.*, Nos. 09-2709 & 2858 (3d Cir. Apr. 28, 2010); *Milhouse v. Bledsoe, et al.*, Civ. No. 1:10-CV-0053 (M.D. Pa. Oct. 6, 2010); *Milhouse v. Levi*, Civ. No. 2:09-CV-5363 (E.D. Pa. Nov. 24, 2010); *Milhouse v. Jordan, et al.*, Civ. No. 1:09-CV-1365 (M.D. Pa. Feb. 14, 2011).  Plaintiff's *in forma pauperis* status in those cases is irrelevant; upon screening under 28 U.S.C. § 1915(g), the court need

only determine whether those cases were dismissed as frivolous or for failure to state a claim. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."). Additionally, Plaintiff's restated arguments regarding his "serious back condition" do not constitute new evidence that was unavailable when the court determined that Plaintiff's allegations did not satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. § 1915(g). While Plaintiff may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

    An appropriate order will issue.

                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated: March 8, 2012.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREEM HASSAN MILHOUSE,** | : | **CIVIL NO. 1:11-CV-02110** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| v. | : | |
| | : | |
| **WARDEN B.A. BLEDSOE,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 9) is **DENIED**.

                                                        s/Sylvia H. Rambo
                                                        SYLVIA H. RAMBO
                                                        United States District Judge

Dated: March 8, 2012.